**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PHILLIP HICKS, and           :
JULIUS HUGLEY,               :
                             :   Civil Action No. 07-0536 (JAP)
        Plaintiffs,          :
                             :
        v.                   :   **OPINION**
                             :
NEW JERSEY STATE PAROLE      :
BOARD, et al.,               :
                             :
        Defendants.          :


Appearances:

Plaintiffs, pro se
Phillip Hicks
Southern State Correctional Facility
P.O. Box 150
Delmont, NJ 08314

Julius Hugley
Southern State Correctional Facility
P.O. Box 150
Delmont, NJ 08314

**PISANO, District Judge**:

    Phillip Hicks and Julius Hugley, inmates of Southern State Correctional Facility in Delmont, New Jersey, have submitted this Complaint under 42 U.S.C. § 1983 and have asked the Court to allow them to proceed in forma pauperis under 28 U.S.C. § 1915.[1]

---

[1] Although referenced in the cover letter, no applications for leave to proceed in forma pauperis were submitted. Institutional account statements were submitted by Plaintiff Phillip Hicks, only.

This requires the Court to determine whether Fed.R.Civ.P. 20 authorizes the joinder of these claims and plaintiffs and, if so, how to assess the filing fee required under 28 U.S.C. § 1915(b).

## I.   FACTUAL BACKGROUND

Plaintiffs were both sentenced to terms of imprisonment including a period of parole ineligibility of 85% of their term, pursuant to the New Jersey No Early Release Act, N.J.S.A. 2C:43-7.  Both Plaintiffs were paroled and subsequently had parole revoked.  Plaintiffs allege that the revocation of parole by the New Jersey State Parole Board violated the separation-of-powers doctrine and that revocation of parole can be accomplished properly only by the sentencing court.

In addition, Plaintiffs allege that they have been ordered to serve the maximum remaining period of their supervised release in custody pursuant to mandatory provisions of N.J.A.C. 10A:71-3.54, allegedly in violation of the NERA, which Plaintiffs argue permits re-parole.

Plaintiffs have named as defendants the New Jersey State Parole Board, Executive Assistant Douglas D. Chiesa, and Chairman John D'Amico.  Plaintiffs state that they do not seek release, but seek compensatory and declaratory relief declaring the actions of the defendants unconstitutional and violative of the separation of powers doctrine and Plaintiffs' equal protection rights.

## II. ANALYSIS

Title 28 section 1915 governs proceedings in forma pauperis and imposes special limitations with respect to in forma pauperis actions brought by prisoners. Federal Rule of Civil Procedure 20 governs permissive joinder of parties and provides, in pertinent part, that "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action."

Two Circuit Courts of Appeals have analyzed the interrelationship of § 1915 and Rule 20. In Hubbard v. Haley, 262 F.3d 1194 (11th Cir. 2001), cert. denied, 534 U.S. 1136 (2002), the Court of Appeals for the Eleventh Circuit concluded that the language of § 1915(b)(1), that "the prisoner shall be required to pay the full amount of a filing fee," requires each prisoner to bring a separate suit and, to the extent that statutory language actually conflicts with Rule 20, the statute repeals the rule.

The Court of Appeals for the Seventh Circuit, however, found no irreconcilable conflict between § 1915(b)(1) and Rule 20 and held that district courts must accept complaints filed by multiple prisoners if the criteria of permissive joinder are

satisfied. Boriboune v. Berge, 391 F.3d 852 (7th Cir. 2004). Nevertheless, the Seventh Circuit held that each prisoner joining in a multiple-prisoner civil action must pay the full filing fee in order to comply with the clear language of § 1915(b)(1) and to satisfy the financial incentive of the statute to deter frivolous prisoner actions. 391 F.3d at 855-56.

Whether or not there is an inherent conflict between § 1915(b) and Rule 20, at least two district courts have found that the impracticalities inherent in multiple-prisoner litigation militate against the permissive joinder allowed by Rule 20. See Wasko v. Allen County Jail, No. 06-85, 2006 WL 978956 (N.D.Ind. Apr. 12, 2006); Swenson v. MacDonald, No. 05-93, 2006 WL 240233 (D. Mont. Jan. 30, 2006). Among the difficulties noted by these courts are the need for each plaintiff to sign the pleadings, and the consequent possibilities that documents may be changed as they are circulated or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation. These two district courts have also noted that jail populations are notably transitory, making joint litigation difficult. A final consideration for the District Court for the District of Montana was the possibility that "coercion, subtle or not, frequently plays a role in relations between inmates." Swenson, 2006 WL 240233, at *4.

4

This Court finds the reasoning of these district courts persuasive.  Prisoners are not in the same situation as non-prisoner joint plaintiffs; prisoners' circumstances make joint litigation exceptionally difficult.  For example, here, the New Jersey Department of Corrections Inmate Locator reflects that the projected maximum release date for Plaintiff Julius Hugley is February 28, 2007, raising the possibility that joinder would result in the difficulties presented by a prisoner plaintiff litigating jointly with a non-prisoner plaintiff.

In addition, Plaintiffs here have asserted claims that require individualized screening pursuant to 28 U.S.C. § 1915(e)(2).  For example, while both Plaintiffs argue that the present denial of a re-parole hearing is unlawful, they also allege that Plaintiff Hugley has obtained an order from the Appellate Division remanding this matter to the Parole Board for further proceedings and that the Parole Board has advised the Appellate Division that it will provide Plaintiff Hugley with a re-parole consideration hearing as soon as administratively possible, while denying such a re-parole hearing to Plaintiff Hicks.  (Complaint, Appendices I, II.)  See Hugley v. New Jersey State Parole Board, 2006 WL 1788376 (N.J. Super. Ct. App. Div. June 30, 2006).  Joinder of their claims, however, would permit both Plaintiffs to avoid the risk of a "strike" under § 1915(g) if even one Plaintiff states a claim, because § 1915(g) imposes a

strike only if the entire action is dismissed.  For all of the foregoing reasons, joinder is not appropriate.

Federal Rule of Civil Procedure 21 provides that "[p]arties may be dropped [from a case] ... on such terms as are just."  It would not be just merely to dismiss all but the lead Plaintiff Hicks from this case.  Instead, this Court will direct the Clerk to open a separate case for Plaintiff Julius Hugley.  Each of the Plaintiffs will be granted leave to file an amended complaint asserting his individual claims and a complete application for leave to proceed in forma pauperis.

Nothing in this Opinion should be construed as precluding the Plaintiffs from cooperating to the extent that they are able or as preventing consolidation of these cases for trial if that becomes appropriate at a later date.

### III.  CONCLUSION

For the reasons set forth herein, this Court finds that joinder of Plaintiffs' claims under Rule 20 is not suitable.  An appropriate Order follows.

/s/ Joel A. Pisano  
Joel A. Pisano  
United States District Judge

Dated: February 6, 2007