**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PHILLIP HICKS, | : | |
| | : | Civil Action No. 07-0536 (JAP) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| NEW JERSEY STATE PAROLE BOARD, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Plaintiff pro se
Phillip Hicks
Southern State Correctional Facility
P.O. Box 150
Delmont, NJ 08314

**PISANO,** District Judge

Plaintiff Phillip Hicks, a prisoner confined at Southern State Correctional Facility, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Amended Complaint.

At this time, the Court must review the Amended Complaint to determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I. BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and Amended Complaint and are accepted as true for purposes of this review.

Plaintiff is a state offender sentenced to a term of imprisonment pursuant to the "No Early Release Act," N.J.S.A. 2C:43-7, which includes a mandatory period of parole supervision, following a term of imprisonment, for persons convicted of crimes of the first or second degree. The New Jersey State Parole Board revoked Plaintiff's parole and ordered him to serve the maximum remaining period of parole in custody pursuant to N.J.A.C. 10A:71-3.54(i).[1]

Plaintiff contends that the New Jersey State Parole Board violated his constitutional right to due process, and violated the separation of powers doctrine, by unilaterally revoking his term of parole supervision. Plaintiff also contends that the defendants' invocation of the mandatory custody provision of

---

[1] New Jersey Administrative Code section 10A:71-3.54(i) provides as follows: If a term of parole supervision imposed by a court pursuant to N.J.S.A. 2C:43-7.2 is revoked and the offender returned to custody for a violation of a condition of supervision, the offender shall be required to serve the remainder of the term in custody and shall not be eligible for parole consideration on the remainder of the term.

N.J.A.C. 10:71-3.54(i) has unconstitutionally deprived him of his right to be considered for reparole.

Plaintiff names as defendants the New Jersey State Parole Board, Executive Assistant Douglas Chiesa, and Chairman John D'Amico.  Defendants Chiesa and D'Amico are sued in both their official and individual capacities.  Plaintiff alleges that he does not seek release, but seeks declaratory judgment that the procedures employed by the defendants are unconstitutional.  He also seeks compensatory damages.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them

in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

4

III.  SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

IV.  ANALYSIS

A.  The Eleventh Amendment

The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."

As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute.  See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974).  The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought.  Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984).  Similarly, absent consent by a state, the Eleventh Amendment bars federal court suits for money damages against state officers in their official capacities.  See Kentucky v. Graham, 473 U.S. 159, 169 (1985).  Section 1983 does not override a state's Eleventh Amendment immunity.  Quern v. Jordan, 440 U.S. 332 (1979).

Title 28 Sections 1915(e)(2)(B)(iii) and 1915A(b)(2) require this Court to dismiss this action if it "seeks monetary relief from a defendant who is immune from such relief."

In addition, neither states, nor governmental entities that are considered arms of the state for Eleventh Amendment purposes, nor state officers sued in their official capacities for money damages are persons within the meaning of § 1983.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 64, 70-71 and n.10 (1989); Grabow v. Southern State Correctional Facility, 726

6

F.Supp. 537, 538-39 (D.N.J. 1989) (the New Jersey Department of Corrections is not a person under § 1983).

For the foregoing reasons, all claims against the New Jersey State Parole Board and all damages claims against the defendants in their official capacities must be dismissed with prejudice.

B.   <u>The Challenge to the Revocation of Parole Supervision</u>

In a series of cases beginning with <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C.§ 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  In <u>Preiser</u>, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release.  411 U.S. at 476.  The prisoners did not seek compensatory damages for the loss of their credits.  411 U.S. at 494.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  <u>Id.</u> at 500.

In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in <u>Preiser</u>,

whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding. Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted). The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted). The Court further held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Id. at 489-90.

More recently, in Edwards v. Balisok, 510 U.S. 641 (1997), the Supreme Court applied the lessons of Preiser and Heck to a state prisoner action, seeking compensatory and punitive damages, challenging the constitutionality of procedures used in a prison disciplinary proceeding that resulted in the loss of good-time credits, but not necessarily challenging the result and not seeking the restoration of the good-time credits. Again, the Court emphasized that such a claim is not cognizable under § 1983 if a favorable outcome would necessarily imply the invalidity of the challenged judgment, there the disciplinary finding and punishment. 520 U.S. at 646-8.

In Wilkinson v. Dotson, 544 U.S. 74 (2005), the Supreme Court summarized the evolution of its jurisprudence thus:

> Throughout the legal journey from Preiser to Balisok, the Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody. ... These cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that

9

>   action would necessarily demonstrate the invalidity of confinement or its duration.

Wilkinson, 544 U.S. at 81-82 (emphasis in original).

Here, Plaintiff seeks to bring a claim for damages arising out of alleged deprivations of due process in connection with his parole revocation. Specifically, he contends that the person or entity that revoked his parole lacked the authority to do so. The Supreme Court teaches that the requirements of due process in general do apply to parole revocation proceedings. See generally Morrissey v. Brewer, 408 U.S. 471 (1972). Although Plaintiff states that he does not seek release from custody, his claim that his parole was revoked in violation of his due process rights is precisely the type of claim for damages barred by the Preiser/Heck/Balisok line of cases. A determination that he was deprived of liberty without due process would necessarily imply the invalidity of his current custody. Accordingly, the claim is premature until such time as the parole revocation decision has been otherwise invalidated. The claim challenging the parole revocation must be dismissed for failure to state a claim.

C.   The Challenge to N.J.A.C. 10A:71-3.54(i)

The No Early Release Act ("NERA") provides for a mandatory period of parole supervision for certain enumerated crimes and provides, further, that during parole supervision the offender "shall be subject to the provisions and conditions of [N.J.S.A.] 30:4-123.51b," which in turn provides, "The appropriate board

10

panel shall have authority ... to revoke the person's release status and return the person to custody for the remainder of the term <u>or until it is determined, in accordance with regulations adopted by the board, that the person is again eligible for release consideration pursuant to [N.J.S.A. 30:4-123.53]</u>," (emphasis added).

In apparent conflict with the NERA, N.J.A.C. 10A:71-3.54(i) provides that if an NERA term of parole supervision is revoked and the offender returned to custody, "the offender shall be required to serve the remainder of the term in custody and shall not be eligible for parole consideration on the remainder of the term."

Plaintiff challenges the invocation of N.J.A.C. 10A:71-3.54(i) to deprive him of consideration for re-parole. He characterizes the action as both "arbitrary" and a denial of "equal protection." This Court liberally construes the Amended Complaint as raising both a due process and an equal protection challenge to the statute and its employment as a basis to deny him consideration for re-parole. This claim will be permitted to proceed.

V.   CONCLUSION

    For the reasons set forth above, only the claim challenging N.J.A.C. 10A:71-3.54(i) will be permitted to proceed.  An appropriate order follows.


                                            /s/ Joel A. Pisano
                                            Joel A. Pisano
                                            United States District Judge
Dated:  May 31, 2007